933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Quinton McCARGO, Defendant-Appellant.
 No. 89-6322.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1991.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Defendant McCargo was convicted after a jury trial of possession of one kilogram of cocaine, with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to six years imprisonment with four years special parole to follow. McCargo thereafter filed a Fed.R.Crim.P. 35 motion to correct an illegal sentence in which he contended that the district court lacked authority to impose a period of special parole consecutive to the prison term. McCargo further contended that he was not subject to the penalty provisions of 21 U.S.C. Sec. 841, as amended by Sec. 1002 of the Anti-Drug Abuse Act of 1986, specifically the mandatory minimum sentence and non-parolability provisions. The district court denied the motion and this appeal followed. McCargo requests the appointment of counsel on appeal.
 
 
 4
 Upon review, we conclude that the district court correctly denied the Rule 35 motion. Contrary to McCargo's claim, amendments regarding mandatory minimum sentence and non-parolability were not given a specific effective date. See Anti-Drug Abuse Act, Pub.L. No. 99-570, Sec. 1002(2)(B), 100 Stat. 3207-4 (1986). These amendments became effective October 27, 1986. The date of McCargo's offense was May 29, 1987. Drug offenders in violation of 21 U.S.C. Sec. 841(a)(1), as amended by the enacting legislation, are declared ineligible for parole during their term of imprisonment.
 
 
 5
 McCargo has abandoned his claim that the district court was without authority to impose a term of special parole on the sentence; therefore, that claim will not be reviewed on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 Accordingly, the request for counsel is hereby denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation